RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 10a0053p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: LAWRENCE J. ACKER, BRIAN W.
BUTTARS, LINDA DESMOND, JAMES FEENEY,
AINELLO MANCUSI, RON MIASTKOWSKI,
PERRY PEKA, PATRICK SIMASKO, WAYNE
STANFORD, and THE BARON GROUP, INC.,
dba BARON'S ICE HOUSE,

Nos. 10-3159/3160

　　　　　　　　　　　　　　　　*Petitioners.*

Filed: February 22, 2010

Before: KEITH, MARTIN, and CLAY, Circuit Judges.

_____

**ORDER**

_____

This petition for a writ of mandamus and a related appeal arise from the proceedings in *United States v. Arctic Glacier Int'l Inc.*, No. 1:09-cr-00149 (S.D. Ohio). In that case, Arctic Glacier International was charged in a criminal information with violating 15 U.S.C. § 1 by participating in "a conspiracy to suppress and eliminate competition by allocating packaged-ice customers in southeastern Michigan and the Detroit, Michigan metropolitan area." The petitioners describe themselves as "nine consumers and one business that paid too much for packaged ice as a result of Arctic Glacier's offense" based on purchases both within and outside of the geographic area of the offense. Their civil action for damages is pending in the Eastern District of Michigan. *In re Packaged Ice Antitrust Litig.*, No. 08-md-1952 (E.D. Mich.). In these criminal proceedings, the petitioners claim to be victims of the crime under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

Pursuant to § 3771(d)(3), the petitioners seek a writ of mandamus to enforce their rights under the Act. They also have filed a notice of appeal from various orders, decisions, and rulings made by the district court during the course of the criminal proceedings. After the district court had imposed sentence, it granted a temporary stay of the formal entry of

1

judgment to allow the petitioners to seek relief in this court. In a prior order, we issued a temporary stay and requested the government and Arctic Glacier to respond. They have done so. Additionally, Arctic Glacier moves to dismiss the petitioners' related appeal. The petitioners reply in support of their petition. We have considered all of these pleadings.

If the district court in a criminal proceeding denies relief sought under the Act, "the movant may petition the court of appeals for a writ of mandamus." § 3771(d)(3). The court of appeals "shall take up and decide such application forthwith within 72 hours after the petition has been filed." *Id*. In considering this petition, we find persuasive the decision in *In re Antrobus*, 519 F.3d 1123, 1124-25 (10th Cir. 2008), which concluded that the plain language of the statute compels application of the normal mandamus standards. The issuance of a writ of mandamus is relief that is governed by well-established standards. The use of that specific term in the statute, in conjunction with the truncated period in which the court of appeals is to review such a petition and act upon it, convinces us that those usual standards apply here.

"'The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308 (1989) (quoting *Roche v. Evaporated Milk Assn.*, 319 U.S. 21, 26 (1943)). Thus, "only exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion, will justify the invocation of this extraordinary remedy." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted). We have noted that "a writ of mandamus is an extraordinary remedy that we will not issue absent a compelling justification." *In re: Prof'ls Direct Ins. Co.*, 578 F.3d 432, 437 (6th Cir. 2009).

In seeking this relief, the petitioners first argue that the district court refused to recognize them as crime victims under the Act. Under the Act, a crime victim is "a person directly and proximately harmed as a result" of the offense. 18 U.S.C. §3771(e). Whether these petitioners as indirect purchasers were "directly and proximately harmed" by the actions of Arctic Glacier is an issue that is largely beside the point, because we conclude that

the district court afforded them the status of crime victims. That is, the petitioners were allowed a full opportunity for participation. That included their appearance through counsel at the arraignment, at the plea hearing, and at sentencing. The district court delayed a decision on whether to accept the guilty plea to allow counsel for the petitioners an opportunity to confer with government counsel. Counsel for the petitioners admitted at the sentencing hearing that upon their entry into the case, the district court had afforded them every opportunity for participation. Notwithstanding that active participation, the petitioners assert a right to an earlier notice prior to filing of the charges and direct involvement with the government's negotiation of a plea agreement. The petitioners' right to such notice is uncertain, and based on the record in this case, we do not find this to be grounds for relief in mandamus.

The petitioners disagree with the district court's final decision, made after hearing from them on multiple occasions, to accept the plea agreement and impose sentence pursuant to that agreement. They object that the plea agreement makes no provision for restitution in deference to the pending civil causes of action. They seek through this petition to vacate the plea agreement, to direct the district court to reopen the proceedings, and to participate as a party to the renegotiation of a plea agreement that will include provisions for restitution in their favor. Although the Act reaffirms the right of crime victims "to full and timely restitution as provided in law," it does not compel such a result in this case. Upon review, we cannot conclude that the district court abused its discretion in accepting the agreement. The record reflects a consideration of all appropriate factors. The district court reasonably concluded that the difficulty of determining the losses claimed would so prolong and complicate the proceedings that any need for restitution would be outweighed by the burden on the sentencing process.

We further conclude that the appeal in No. 10-3160 must be dismissed. In the posture of this case, where the direct appeal was filed at the same time as the mandamus petition and raises the identical issues, there is no additional right of appeal. Factually, this case is distinct from *In re Siler*, 571 F.3d 604 (6th Cir. 2009), where the victims asserted a right under the Act eighteen months after the criminal proceedings had concluded. In hearing their appeal, we concluded that they had been effectively treated as intervening parties and thus could appeal. The same result does not obtain here, where the petitioners

have asserted their rights in the criminal proceeding and invoked the immediate review provided in § 3771(d)(3).

For these reasons, the petition for a writ of mandamus filed as No. 10-3159 is **DENIED**.  The motion to dismiss the appeal in No. 10-3160 is **GRANTED**.  The motion to consolidate Nos. 10-3159/3160 is **DENIED** as moot.  The temporary stay previously entered is **DISSOLVED**.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk